**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Perez, Plaintiff, vs. Southwest Airlines; and International Association of Machinists, Defendants. | No. CV-07-1273-PHX-DGC<br><br>**ORDER** |

Plaintiff Cynthia Perez commenced this action by filing a pro se complaint against Defendants Southwest Airlines and the International Association of Machinists. Dkt. #1. Defendant Southwest Airlines has filed a motion for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Dkt. #12. The Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.     Dismissal of the Complaint.**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the

subject matter, the court shall dismiss the action.").

Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" Fed. R. Civ. P. 8(a). Plaintiff's complaint lacks a jurisdictional statement. *See* Dkt. #1.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if (a) the complaint alleges a federal claim or (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff's complaint asserts neither basis for federal jurisdiction. *See* Dkt. #1. The Court accordingly will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Scholastic Entm't*, 336 F.3d at 989 (affirming *sua sponte* dismissal of non-federal claims); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that "[did] not allege the deprivation of any constitutional right or state a federal cause of action"); *see also Kokkonen*, 511 U.S. at 377 (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise).

## II.    Leave to Amend the Complaint.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation marks and citations omitted).

The instant complaint alleges that Plaintiff was harassed by a coworker of "white de[s]cent" and was wrongfully terminated. Dkt. #1 at 1-2. The complaint further alleges that Plaintiff was "discriminated, harassed, and retaliated against." *Id.* at 4. Construing the complaint liberally, it appears that Plaintiff may be able to allege a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Section 2000e-2 of Title VII provides that an employer may not "discharge any individual . . . because of [her] race[.]"

42 U.S.C. § 2000e-2(a)(1). "This provision makes 'disparate treatment' based on race a violation of federal law." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654 (9th Cir. 2002).

To establish federal subject matter jurisdiction over a Title VII claim, however, the plaintiff must first exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the appropriate State agency. 42 U.S.C. § 2000e-5(f); *see EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("To establish federal subject matter jurisdiction, [Plaintiff] was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims); *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies. . . . The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation."). It is unclear from Plaintiff's complaint whether she has exhausted her administrative remedies sufficient to invoke this Court's jurisdiction. Giving Plaintiff the benefit of the doubt, the Court will assume that Plaintiff, in good faith, can allege that she has exhausted her administrative remedies with respect the potential claim of race discrimination.

The Court will allow Plaintiff to file an amended complaint that properly invokes this Court's jurisdiction. Plaintiff shall have until **November 16, 2007** to file an amended complaint.

### III. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in

1 separate and discrete paragraphs. Rule 8(e) provides that each such paragraph "shall be
2 simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The forms contained in the Appendix
3 to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional
4 statements and sample complaints on various causes of action – "are sufficient under the
5 rules and are intended to indicate the simplicity and brevity of statement which the rules
6 contemplate." Fed. R. Civ. P. 84.

7 Plaintiff is advised that vague references to harassment and discrimination are
8 insufficient to satisfy even the liberal notice pleading requirements of Rule 8. The amended
9 complaint must give Defendants "fair notice of what [Plaintiff's] claim is and the grounds
10 upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This
11 includes some factual basis for the claim and the specific legal theory supporting the claim.
12 *See id.* The amended complaint must also provide a clear statement of this Court's
13 jurisdiction and the relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a)(1), (3).

14 Plaintiff is further advised that if she fails to prosecute this action or comply with the
15 rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal
16 Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

17 **IT IS ORDERED:**

18 1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of
19 subject matter jurisdiction.
20 2. Plaintiff has until **November 16, 2007** to file an amended complaint consistent
21 with this order.
22 3. The Clerk of Court shall **terminate** this action without further notice if
23 Plaintiff fails to comply with this deadline.

1. 4. Defendant Southwest Airlines' motion for more definite statement (Dkt. #12) is **denied** as moot.

DATED this 22nd day of October, 2007.

_____
David G. Campbell
United States District Judge