**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Perez, | No. CV-07-1273-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Southwest Airlines; and International Association of Machinists, | |
| Defendants. | |

Defendant Southwest Airlines has filed a motion to dismiss and a motion for a more definite statement. Dkt. #22. Plaintiff has not filed a response to the motions and the time for doing so has expired. *See* LRCiv 7.2(c). The Court will grant Plaintiff until **March 7, 2008** to file a response.

Plaintiff commenced this action by filing a pro se complaint against Defendants Southwest Airlines and the International Association of Machinists. Dkt. #1. The Court dismissed the complaint for lack of subject matter jurisdiction, but gave Plaintiff leave to file an amended complaint. Dkt. #15. Plaintiff filed an amended complaint on December 19, 2007. Dkt. #21.

In its order of dismissal, the Court advised Plaintiff that copies of the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules") could be obtained from the Clerk of Court's office. Dkt. #15 at 3. The Court explicitly warned Plaintiff that she must become familiar with, and follow, both

the Federal Rules of Civil Procedure and the Court's Local Rules. *Id.* The Court further warned Plaintiff that if she fails to prosecute this action or comply with the rules or any order, the Court may dismiss the action. *Id.* at 4 (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992)).

Local Rule of Civil Procedure 7.2 sets forth the time in which the opposing party must respond to a motion. LRCiv 7.2(c); *see also* LRCiv 12.1(b), 56.1(d). In this case, Plaintiff's response to Defendant's motion to dismiss was due by January 31, 2008. *See* LRCiv 7.2(c); Fed. R. Civ. P. 6(a). Plaintiff has failed to file a response or otherwise prosecute this action.

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). If Plaintiff does not file a response to Defendant's motion to dismiss by **March 7, 2008**, the Court will deem her failure to do so a consent to the granting of the motion.

**IT IS ORDERED** that Plaintiff shall have until **March 7, 2008** to file a response to Defendant Southwest Airlines' motion to dismiss.

DATED this 13th day of February, 2008.

_____
David G. Campbell
United States District Judge