**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Perez,<br><br>    Plaintiff,<br><br>vs.<br><br>Southwest Airlines; and International Association of Machinists,<br><br>    Defendants. | No. CV-07-1273-PHX-DGC<br><br>**ORDER** |

Defendant Southwest Airlines has filed a motion to dismiss and a motion for a more definite statement. Dkt. #22. Plaintiff has not filed a response to the motions and the time for doing so has expired. *See* LRCiv 7.2(c). The Court will grant Defendant's motion to dismiss and deny the motion for a more definite statement.

**I.    Background.**

Plaintiff commenced this action by filing a pro se complaint against Defendants Southwest Airlines and the International Association of Machinists. Dkt. #1. The Court dismissed the complaint for lack of subject matter jurisdiction, but gave Plaintiff leave to file an amended complaint. Dkt. #15.

In its order of dismissal, the Court advised Plaintiff that copies of the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules") could be obtained from the Clerk of Court's office. Dkt. #15 at 3. The Court explicitly warned Plaintiff that she must "become familiar with, and follow, both

the Federal Rules of Civil Procedure and the [Court's Local Rules]." *Id.* The Court further warned Plaintiff that if she failed to prosecute this action or to comply with the rules or any order, the Court may dismiss the action. *Id.* at 4 (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992)).

Plaintiff filed an amended complaint on December 19, 2007. Dkt. #21. The complaint alleges five claims: "racial discrimination," "harassment [sic]," "retaliation," "wrongful termination," and "slander." *Id.* The complaint does not specify legal authority for the claims, but the Court construes the discrimination, harassment, and retaliation claims as Title VII claims, the wrongful termination claim as a state statutory claim, and the slander claim as a common law claim.

On January 11, 2008, Defendant Southwest Airlines filed a partial motion to dismiss and motion for a more definite statement. Dkt. #22. The motion seeks dismissal of the wrongful termination claim as time barred and the slander claim for failure to state a claim. *Id.* at 4–5. The motion also alleges that, on the face of the complaint, the statute of limitations bars all race discrimination claims arising before May 14, 2005.

Plaintiff failed to file a timely response. On February 13, 2008, the Court granted Plaintiff until March 7, 2008 to file a response. Dkt. #23. The order warned Plaintiff about the importance of complying with the Federal Rules of Civil Procedure and the Court's Local Rules. *Id.* at 2. The Court further warned Plaintiff that if she "did not file a response . . . by March 7, 2008, the Court [would] deem her failure to do so a consent to the granting of the motion." *Id.*

On March 5, 2008, Plaintiff filed a motion to continue the response time. Dkt. #24. The Court gave Plaintiff until March 21, 2008 to file a response. Dkt. #25. Plaintiff has not filed a response.

**II.   Motion to Dismiss.**

Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). This Circuit has made clear that

1  "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King*
2  *v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65
3  (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented
4  by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are
5  subject to the same good faith limitations imposed on lawyers).

6  The Ninth Circuit has established "a five-part 'test' to determine whether a dismissal
7  sanction is just:  '(1) the public's interest in expeditious resolution of litigation; (2) the
8  court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;
9  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of
10 less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.
11 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish v. Cal.*
12 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik*, 963 F.2d at 1260-61.  "[W]here a court
13 order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive
14 sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.  Factor 5 "involves
15 consideration of three subparts:  whether the court explicitly discussed alternative sanctions,
16 whether it tried them, and whether it warned the recalcitrant party about the possibility of
17 dismissal." *Id.*

18 Applying factor 3, the Court concludes that Defendant will be prejudiced by
19 Plaintiff's continuing refusal to respond to the motions and comply with the Court's orders.
20 Defendant has taken timely action to address Plaintiff's claims and reduce the cost and
21 complexity of this litigation, and Plaintiff's refusal to respond, if permitted to continue,
22 would only frustrate those efforts.  Applying factor 5, the Court concludes that alternative
23 sanctions are not appropriate.  The Court has afforded Plaintiff ample time to respond to
24 Defendant's motion and has explicitly warned her that failure to do so could result in the
25 granting of the motion.  Plaintiff nonetheless has failed to respond or to take any other action
26 to prosecute her claim.  The Court will grant Defendant's motion to dismiss relating to
27 Plaintiff's claims for wrongful termination, slander, and race discrimination as it relates to
28 events occurring before May 14, 2005.

**III.    Motion for a More Definite Statement.**

Defendant moves for a more definite statement of the legal and factual grounds for Plaintiff's remaining claims. Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A complaint in federal court need not include great detail – only a "'short and plain statement' . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, et al.*, 507 U.S. 163, 168 (1993) (quoting Fed. R. Civ. P. 8(a)). Accordingly, Rule 12(e) motions are "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim, such motion is inappropriate.'" *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)). Rule 12(e) is "'not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery . . . exist for such purposes.'" *Id.*

Plaintiff's complaint, while lacking factual and legal details, meets the Rule 8(a) standard by providing Defendant with fair notice of the claim. Dkt. #21. The complaint describes events and ongoing circumstances at Plaintiff's workplace concerning each claim. *Id.* Given its access to employee records and business history, Defendant should be able to discover any facts needed to prepare an effective defense. Moreover, the Court is not convinced that granting Defendant's motion would result in additional helpful detail. Defendant can solve any legal or factual ambiguity through discovery.

**IT IS ORDERED:**

1. The partial motion to dismiss (Dkt. #22) is **granted** as set forth above.
2. The motion for a more definite statement (Dkt. #22) is **denied**.

3. The Court will schedule a Rule 16 Case Management Conference by separate order.

DATED this 26th day of March, 2008.

_____
David G. Campbell
United States District Judge